Judge Mills
delivered the opinion.
This is a bill brought by Coihbert Combs, in bis life time, setting op an entry of lt)00 acres of land against ad* verse interfering claims. The entry relied on is made on a treasury warrant on the 15th May, Í780, and its calis aré ‘‘upon Simpson’s creek, adjoining William Brashears pre* eruption, on the upper end, and extending up tile creek lor quantity.” A certificate in the name of William Brashears is filed, dated the l§ib February, 1180, and reads as follows: “William Brashears this day claimed a pre emption of 400 acres, at the state price, in the district of Kentucky, on aeccount of making an actual settlement in the month of May, 1779. lying on Simpson’s creek, at the fo:k, to include his improvement. Satisfactory proof being made to the court, they are of opinion the said Braslna's has a right to a pre emption of 400 acres of land, to include (lie Said improvemwil, and that a certificate issue accordingly ”
The complainant having died as the suit progressed, it Was revived in (lie name of his devisees; and, on a final hearing, the circuit court, deeming the complainants’entry Invalid, dismiss'd their bill with costs; lo reverse which dccue this Til of error is prosecqted.
The entry ai William Brashears is not filed* and iftony of *187 tbc defendants deny ¡n their answer that it was ever made li. therefore, the entry of the plaintiff in error ca t be sustained. it must be done by attaching it In Brasbears’ certi fie ite, the calls of which must be taken as part nr Combs’s entry. The cal! in the certificate for Simpson’s rr ek itself is rt.nl w> ll sup orted One witness speaks of neing on it in 17*6, and uf aiding Joseph Brasltears and some others to make a cabhin on it for W. Brasbears, which, is rmw claimed as his improvement.' He speaks of it by the name of Simpson’s creek.'hut does not sav be knew it theo by that name. Glen, another witness conveys the idea that be knew it by that name in 1777. Cor although he does rol sat expryssly that it was then so called vet he slates that he knew no oilier plact called ihe forks of Simpson’s creik, at that time, but the junction of the east and man fork, which are now claimed by I tie complainant. But When this testimony is compared with 'hat of Simpson, after whom the creik was called, and who was not on ii till 1779, in the month of June, when the name was given, in the ptesepcc of three other persons, and also with that of M’Gee, who was one of ibose present, it is believed to he most probable that Glen was mistaken as to dates, and that the creek did not acquire its name till that period, and no witness deposes that it was generally known by that name, to those conversant in its vicinity, till after the date of the entry. But even if Simpson’s creik is admitted tu be notorious, it presents f ur forks. The complainants below claim the lowest on the creik and a't» mm, by two or (tree witnesses, to attach the name '■forks.” bv repnta'ioe. to that point, and with these witnesses he is snecessf I. Bat the defendants, hy an equal or greater nnrnhet, shew that the reputation of the folks was equally attached to the others, and more “0 to some of them; and they being equally forks by nature, with the one claimed, may well riv-J it¿ and render it an uncertain call. If anv thing could sustain the entry, laboring under these difficulties, it would he notoriety in the improvement of William Brasbears sufficient to determine what creek, or, at least, what fork "‘as intended. It is shewn that Joseph Brashears made fbe improvement in 17 76, in company with a few others, and that jl was known to Hie company to be made for William Bra-shears. That in 1779 Pot linger passing it told the party, consisting of four peis.ms, that it ivas Brasbears’ or that he supposed it to have been made by a brother of William *188 Brashegjrs and his company, and this is all the attempt at not°ftety' while Simpson and others, conversant with the creek, knew nothing about it. Add to this, that there are various other improvements shewn on the creek, and some of them nameless as well ¡js this; and that two others fit two other forks of the creek by being equally near them. It cannot therefore be contended that the improvement ia any degree aids the claim. For it is equally or more uncer* tain than the other calls.
The decree ol t{je court below must therefore be affirm-* ed with costs.